**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 11-4658**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

TREMAYNE DEVON SCOTT,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:10-cr-00348-TDS-1)

─────────────

Submitted:  January 25, 2012          Decided:  February 3, 2012

─────────────

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

─────────────

Milton Bays Shoaf, ADDISON & SHOAF, Salisbury, North Carolina,
for Appellant.  Sandra Jane Hairston, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tremayne Devon Scott appeals his criminal conviction and sentence. A federal grand jury indicted Scott for possession with intent to distribute 120.3 grams of a mixture containing a detectible amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Pursuant to 21 U.S.C. § 851 (2006), Scott's sentence was subject to a statutory enhancement based on his prior conviction for selling cocaine in violation of N.C. Gen. Stat. § 90-95(a)(1) (1998). Scott moved to suppress the crack cocaine, and the district court denied the motion following a suppression hearing. Scott entered a conditional guilty plea, pursuant to a written plea agreement, to the offense charged in the indictment, reserving the right to appeal the district court's denial of his motion to suppress. The district court sentenced Scott to 240 months' imprisonment, the statutory mandatory minimum sentence.

Scott's counsel has filed a brief in which he argues that Scott should be resentenced under the Fair Sentencing Act of 2010 (FSA). The Government filed a motion, joined by Scott, to remand this case to the district court to allow Scott to be resentenced in accordance with the FSA. The remainder of counsel's brief is filed pursuant to Anders v. California, 386 U.S. 738 (1967), and questions whether the district court erred in denying Scott's motion to suppress. Scott has filed a pro se

2

supplemental brief.[1]  We affirm the conviction, grant the motion to remand, vacate the sentence, and remand for resentencing.

Both Scott and his counsel question whether the district court erred in denying Scott's motion to suppress.  The district court found that the officers' search of Scott's car and seizure of the bag containing contraband were lawful because 1) Scott's detention by the officers for brief questioning was supported by reasonable suspicion, 2) Scott gave valid consent to enter the vehicle, and 3) once lawfully within the car, the officer encountered contraband in plain view within the blue bag, warranting seizure of the bag.  In reviewing a district court's ruling on a motion to suppress, this court reviews the district court's legal conclusions de novo and its factual findings for clear error.  United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011).  When a suppression motion has been denied, this court views the evidence "in the light most

---

[1] Among the issues Scott raises is that counsel rendered ineffective assistance.  Because our review of the record reveals no conclusive evidence of counsel's ineffectiveness, we conclude that Scott does not state a cognizable claim of ineffective assistance of counsel on direct appeal.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (providing standard).  We also reject Scott's claim that the district court's application of a statutory sentencing enhancement violated this court's holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), because Scott was sentenced to greater than one year of imprisonment for his predicate offense.

favorable to the Government." Id. Moreover, we will defer to the credibility determinations made by the district court at the suppression hearing. United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008).

A police officer does not implicate the Fourth Amendment by merely approaching an individual and questioning him. United States v. Burton, 228 F.3d 524, 527 (4th Cir. 2000). Additionally, "the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause." United States v. Sokolow, 490 U.S. 1, 7 (1989) (internal quotation marks omitted).

A district court's finding of consent is a factual finding that should not be disturbed unless clearly erroneous. United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). In determining whether officers were given consent to a Fourth Amendment intrusion, this court must determine, under the totality of the circumstances, whether consent was knowing and voluntary. See United States v. Mendenhall, 446 U.S. 544, 557 (1980). The court may appropriately "consider the characteristics of the accused (such as age, maturity, education, intelligence, and experience) as well as the conditions under which the consent to search was given (such as

4

the officer's conduct; the number of officers present; and the duration, location, and time of the encounter)." Lattimore, 87 F.3d at 650. Mere "acquiescence to a claim of lawful authority" is insufficient to constitute consent. Bumper v. North Carolina, 391 U.S. 543, 549 (1968).

An officer may seize incriminating evidence without a warrant if "(1) the officer is lawfully in a place from which the object may be plainly viewed; (2) the officer has a lawful right of access to the object itself; and (3) the object's incriminating character is immediately apparent." United States v. Jackson, 131 F.3d 1105, 1109 (4th Cir. 1997) (citing Horton v. California, 496 U.S. 128, 136-37 (1990)); United States v. Williams, 41 F.3d 192, 196-97 (4th Cir. 1994) (discussing plain-view search of closed container). "[A]lthough the plain view doctrine may support the warrantless seizure of a container believed to contain contraband, any subsequent search of its concealed contents must either be accompanied by a search warrant or justified by one of the exceptions to the warrant requirement." Williams, 41 F.3d at 197. However, "courts will allow a search of a container following its plain view seizure only 'where the contents of a seized container are a foregone conclusion,'" such as "'when a container is not closed, . . . [such that] the container supports no reasonable expectation of privacy and the contents can be said to be in plain view.'" Id.

5

(quoting United States v. Corral, 970 F.2d 719, 725 (10th Cir. 1992)).

With these standards in mind, our review of the record leads us to conclude that the officers lawfully elevated their interaction with Scott to an investigative detention and that Scott knowingly and voluntarily consented to entry of his vehicle for the limited purpose of obtaining cigarettes. We also conclude that, while acting within the scope of that consent, one officer observed contraband within an open bag in plain view and lawfully seized both the bag and its contents. See Williams, 41 F.3d at 196-97. Thus, the district court properly denied the motion to suppress.

Finally, based on our consideration of the materials submitted with the joint motion to remand, as well as Scott's opening brief, we grant the motion to remand, vacate Scott's sentence, and remand this case to the district court for resentencing. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to a defendant, like Scott, whose offenses were committed prior to August 3, 2010, the effective date of the FSA, but who was

6

sentenced after that date, leaving that determination in the first instance to the district court.[2]

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Scott's conviction and deny Scott's request to replace counsel. We also grant the parties' joint motion to remand, vacate the sentence, and remand for resentencing. This court requires that counsel inform Scott, in writing, of the right to petition the Supreme Court of the United States for further review. If Scott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Scott. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[2] We note that, at Scott's sentencing hearing conducted on June 13, 2011, counsel for the defendant unsuccessfully argued for retroactive application of the FSA. Nevertheless, in light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it appropriate, without indicating any view as to the outcome, to accord the district court an opportunity to consider the matter anew.

materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
